# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WARREN MCKINNEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 4:11-CV-207 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Warren McKinney's pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government filed its Response to the Motion to Vacate and movant filed a Reply, so this matter is fully briefed and ready for decision. For the following reasons, the Motion to Vacate, Set Aside or Correct Sentence will be dismissed.

## Background

On May 28, 2008, Warren McKinney was indicted on two counts of Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(c), and three counts of Transportation of a Minor for Purpose of Criminal Sexual Act in violation of 18 U.S.C. § 2423(a). See United States v. McKinney, No. 4:08-CR-330 CAS (E.D. Mo.). On July 21, 2008, defendant filed a waiver of his right to file pretrial motions. On July 22, 2008, defendant appeared with counsel before Magistrate Judge Thomas C. Mummert, III, and waived his right to file pretrial motions. On October 29, 2008, movant was found guilty as charged following a three-day jury trial. Trial counsel filed objections to the Presentence Report ("PSR") which raised fourteen grounds, including that the evidence was insufficient to prove the charges beyond a reasonable doubt, and that sentencing on the five counts violated the Double Jeopardy Clause of the United States Constitution. On January 20, 2009, the Court overruled the

objections.  The Court sentenced movant to life imprisonment on Counts One and Two and thirty

years imprisonment on each of Counts Three, Four and Five, all to be served concurrently, and

lifetime supervised release.  Movant filed a timely notice of appeal on January 30, 2009, which

raised two points for appeal: (1) sufficiency of the evidence, and (2) error in the admission of

hearsay statements of movant's daughter.  Movant's appeal brief only argued the alleged hearsay

evidentiary error, however,

On September 29, 2009, the Eighth Circuit Court of Appeals affirmed movant's conviction.

See United States v. McKinney, 345 F. App'x 206 (8th Cir. 2009).  The Court of Appeals found the

sufficiency of the evidence argument had been abandoned, and rejected movant's evidentiary

ground.  Movant filed a petition for rehearing on October 13, 2009, which was denied on November

4, 2009.

Movant filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence on

January 31, 2011.

**Grounds**

Movant raises the following grounds in his § 2255 Motion:

> 1.  Trial counsel was ineffective for failing to adequately advise Movant of
> the government's proffered plea agreement;
>
> 2.  Trial/appellate counsel was ineffective for failing to pursue the
> insufficiency of the evidence argument on appeal; and
>
> 3.  Trial counsel was ineffective for waiving pretrial motions and failing to
> file a motion to dismiss the indictment and to challenge the sentence based on
> multiplicity grounds.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was

imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction

to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Statements that are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

### A. Ineffective Assistance of Counsel - Plea Agreement

In the first ground, movant asserts that his trial counsel was ineffective for failing to adequately advise him of the government's plea offer, which would have resulted in a significantly reduced sentence. In a declaration filed under penalty of perjury pursuant to 28 U.S.C. § 1746, movant asserts that his trial counsel, Mr. Dede, mentioned that the government had drafted a plea agreement offer, but did not have a copy of the proposed plea agreement with him. Movant asserts that Mr. Dede counseled him that if he took the plea he "would be looking at a Life sentence," and did not explain the Sentencing Guidelines calculations or offer to make a counter-offer to the government. Movant asserts, "Mr. Dede explained to me that I had nothing to lose by going to trial and in effect had to go to trial." Declaration of Movant, ¶ 4.

Movant states that he did not see a copy of the plea offer until after his conviction. The proposed plea agreement stated that his Total Offense Level was 35 and his Criminal History category was I, which would have given him a sentencing range of 168 to 210 months.[1] Id., ¶¶ 5-6.

---

[1] A copy of the Plea Agreement, Guidelines Recommendations and Stipulations is attached to movant's § 2255 motion.

4

Movant states that if he had "been properly informed of the plea agreement and its terms, [he] would have accepted the plea agreement and entered pleas of guilty in this case on the basis of the plea agreement's terms . . . ." Id., ¶ 6.

The government responds that movant's claim lacks merit under Strickland, citing the affidavit of movant's trial counsel, Mr. Dede. Mr. Dede avers in his affidavit that he represented movant throughout his criminal case, including the trial, and that he represented movant since 2001 in four related state criminal cases in which movant was accused of molesting S., T.P, and K.M. S. was the victim in the federal case. Evidence concerning movant's molestation of T.P. and K.M. was introduced in the federal trial,. Mr. Dede states that he was able to obtain the dismissal of the three state cases in which T.P. and K.M. were the victims. The state case involving S., which involved the same facts as the federal case, was pending at the time of the federal trial.

Mr. Dede states that during the ten years that he represented movant, including meeting and corresponding on many occasions, movant never wavered in his claim of innocence for all charges, including those involving S., T.P. and K.M. Mr. Dede states that movant always expressed his desire to proceed to trial for vindication. Mr. Dede states that on the first morning of trial, the Court noted its understanding that movant desired a trial and noted the consequences of a trial rather than a plea agreement, and that movant clearly expressed his desire to proceed to trial. Mr. Dede states that he took particular care to ensure that movant understood the full consequences of his options and that movant continued to assert his innocence and desire to proceed to trial to clear his name.

The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See Engelen, 68 F.3d at 241. "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser

sentence." Engelen, 68 F.3d at 241 (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders, 341 F.3d at 722 (quoting Engelen, 68 F.3d at 241). To be entitled to an evidentiary hearing and avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241; Sanders, 341 F.3d at 722.

There are factual issues presented by the gaps between movant's declaration and counsel's affidavit. For example, although trial counsel avers that he took care to ensure that movant "understood the full consequences of his options," counsel does not specifically deny movant's assertion that he did not inform movant of the exact terms of the proposed plea agreement, or that he informed movant taking the plea would be equivalent to a life sentence and movant had nothing to lose by going to trial. The Court will therefore assume, without deciding, that trial counsel failed to specifically advise movant about the terms of the plea agreement. Cf. Garth v. United States, 2009 WL 4884485, at *4 & n.6 (D. Minn. Dec. 10, 2009) (assuming without deciding that counsel did not adequately advise the § 2255 movant of the plea agreement) . Nonetheless, the Court finds that an evidentiary hearing is not required because movant cannot make a sufficient showing of prejudice.[2]

---

[2]Compare Engelen, 68 F.3d at 240-241, in which no evidentiary hearing was required because movant failed to establish prejudice, even though he presented affidavits that his attorney failed to inform him about applicable Guidelines provisions, a statutory minimum sentence and advantages of accepting the plea, and his attorney responded with a conflicting affidavit that he advised movant to accept the plea and discussed the possible Guidelines sentence; see also Garth v. United States, 2009 WL 4884485 (D. Minn. Dec. 10, 2009) (no evidentiary hearing required although movant claimed her attorney never gave her a copy of the plea agreement and never fully informed her of its terms, and that she would have accepted the plea if she had been fully informed, where movant could not establish the prejudice prong of the analysis).

To warrant an evidentiary hearing, "movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. Standing alone, movant's after-the-fact assertion that he would have accepted the plea offer, if properly advised on its terms, is not enough to satisfy the prejudice prong of the Strickland analysis. In Moses v. United States, 175 F.3d 1025 (8th Cir. 1999) (unpublished Table decision), the Eighth Circuit held that the district court properly concluded the movant's self-serving statements that he would have accepted the plea agreement had his counsel properly explained it "are not the sort of objective evidence required to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance." Id. at *2 (citing Engelen, among other cases); see also Wanatee v. Ault, 101 F.Supp.2d 1189, 1206 (N.D. Iowa 2000) (habeas petitioner's after-the-fact assertion that he would have pleaded guilty if properly advised was not enough, standing alone, to constitute credible, non-conclusory evidence that he would have pled guilty if properly advised), aff'd, 259 F.3d 700 (8th Cir. 2001);[3] Garth, 2009 WL 4884485, at **4-5 (same).

Here, movant offers no other evidence than his own self-serving declaration to establish credible, non-conclusory evidence that he would have pled guilty had he been properly advised. As a result, movant has not established his entitlement to an evidentiary hearing. In addition, movant's after-the-fact statements are contradicted by the record. Movant now claims he would have accepted the plea agreement, but he does not dispute trial counsel's averments that he fought statutory rape charges involving the victim S., and statutory rape and statutory sodomy charges involving witnesses

---

[3]The petitioner in Wanatee was entitled to an evidentiary hearing because, unlike movant here, he was able to show credible, non-conclusory evidence apart from his own self-serving statement to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance. Id., 101 F.Supp.2d at 1206-07.

T.P. and K.M., for years in state court, and during that time never wavered from his claims of innocence and always insisted he wanted to go to trial and be vindicated. The record appears to corroborate counsel's averments rather than movant's declaration. Movant does not deny that upon questioning by the Court he expressed his desire to proceed to trial. Movant did not testify at trial but presented an active defense through cross-examination of the government's witnesses. On appeal, movant challenged the admission of hearsay evidence and the sufficiency of the evidence, although he abandoned the latter ground. The Eighth Circuit has stated, "A defendant who maintains his innocence at all stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders, 341 F.3d at 723. Movant's conduct in the defense of this case undermines his present assertion that he would have accepted the proposed plea agreement.

For these reasons, the Court finds that movant is unable to satisfy the prejudice requirement of his ineffective assistance of counsel claim. No evidentiary hearing is required, because movant's contention that he would have accepted the plea agreement if it had been properly presented to him, is not supported by the record and is not credible. Thus, movant is not entitled to relief on this ground and it should be dismissed.

### B.  Ineffective Assistance of Counsel - Abandonment of Issue on Appeal

In the second ground, movant asserts that Mr. Dede, who was also his appellate counsel, was ineffective for raising a challenge to the sufficiency of the evidence in his appellate brief but not supporting it with any formal argument, such that the Eighth Circuit deemed the argument abandoned. Movant argues that he had a strong argument the government did not meet its burden of proof involving the element of intent, as it only submitted evidence of movant's alleged prior acts

of sexual abuse against his sisters in the 1970s. Movant contends the government did not establish beyond a reasonable doubt that he intended to transport the victim in this case with the intent to commit a crime, but rather, "what the evidence shows, if believed is that McKinney was a situational or opportunistic offender who exercised his predilection to commit such an act simply by chance." Movant's Mem. of Points and Auth. at 10.

The appropriate inquiry on movant's claim of ineffective assistance of counsel on appeal is whether counsel's choice to abandon the sufficiency of the evidence point "was an unreasonable one which only an incompetent attorney would adopt." Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996) (quotation marks and quoted case omitted). If there is no merit to a claim, appellate counsel is not ineffective for failing to pursue it on appeal. See id.

The Eighth Circuit employs an "extremely strict standard of review" in determining sufficiency of the evidence to support a guilty verdict. United States v. Winston, 456 F.3d 861, 866 (8th Cir. 2006). In reviewing for sufficiency of the evidence, the Eighth Circuit views the evidence in the light most favorable to the government, and accepts all reasonable inferences drawn from the evidence that support the jury's verdict. Id. A conviction will be overturned only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Bell, 477 F.3d 607, 613 (8th Cir. 2007) (cited case omitted).

The undersigned heard all of the evidence in this case, and denied defendant's motions for judgment of acquittal at the close of the government's case and at the close of all the evidence. Following the guilty verdict, defendant filed objections to the Presentence Investigation Report ("PSR"), including an objection to paragraphs 8 through 13 on the basis that the evidence against him was insufficiently proved beyond a reasonable doubt. See Def.'s Objs. to PSR (Doc. 50), Case No. 4:08-CR-330 CAS. At the sentencing hearing, the Court heard trial counsel's assertion that

these paragraphs of the PSR set forth the charges in the indictment and the evidence presented against the defendant, and that the charges were not proved beyond a reasonable doubt at trial. The Court overruled the objection, agreeing with the government's assertion that the evidence presented at trial fully supported the facts outlined in paragraphs 8 though 13. See Sent. Tr. at 2-3 (Doc. 74), Case No. 4:08-CR-330 CAS.

In order to prove the charges of transportation of a minor for the purpose of a criminal sex act in violation of 18 U.S.C. § 2423(a), the government had to show that movant had the intent to engage in sexual activity with the victim when he traveled in interstate commerce and transported the victim in interstate commerce. Whether movant intended to engage in sexual activity with the victim when he transported her out of Missouri is irrelevant to his conviction. See United States v. Cole, 262 F.3d 704, 708 (8th Cir. 2001). "His illicit intent must have been formed only before the conclusion of the interstate [] journey." Id. (internal quotation marks and cited case omitted). In addition, "The illicit behavior must be 'one of the purposes motivating . . . the interstate transportation,' but need not be the dominant purpose." Id. at 709 (citing cases). The evidence showed that movant traveled in interstate commerce and transported the victim in interstate commerce when he took the victim and her family with him during his job as an over-the-road trucker. The molestations occurred during out-of-state trips when movant had access to the victim during the time that her mother was not in the truck. Movant clearly had formed his intent to molest the victim when he, in fact, molested her during the interstate trip before they returned to Missouri.

For these reasons, the evidence when viewed in the light most favorable to the government is sufficient to establish that movant transported the minor for the purpose of a criminal sex act. The evidence was sufficient for a reasonable jury to have found movant guilty beyond a reasonable doubt as to all counts. The sufficiency of the evidence point on appeal was therefore without merit. As

a result, counsel's performance in abandoning that point on appeal was not deficient, and his action was not one "which only an incompetent attorney would adopt." See Garrett, 78 F.3d at 1305. Movant therefore cannot show prejudice and is not entitled to relief on this ground, which should be dismissed.

### C. Ineffective Assistance of Counsel - Failure to Move to Dismiss Indictment/Object to Sentence Based on Multiplicity/Double Jeopardy Grounds

In the third ground, movant asserts that his trial counsel was ineffective for failing to file a pretrial motion to dismiss the indictment based on multiplicity/double jeopardy grounds, and to object to the sentence on that basis.[4] Movant asserts that his multiple convictions and sentences in this case violate his rights under the Double Jeopardy Clause of the Fifth Amendment, because he has received multiple punishments for what amounts to a single illegal act. Specifically, movant alleges that the two statutes under which he was convicted, 18 U.S.C. §§ 2241(c) and 2423(a), have overlapping elements such that proof of Section 2241(c) as charged in the indictment would necessarily require conviction under Section 2423(a), and that the Section 2423(a) offense is a lesser included offense of the Section 2241(c) offense. Movant asserts that Counts Two through Five of the indictment are all lesser included offenses of Count One"based on the fact that it is the crossing of state lines or transportation across state lines with the intent to engage in illegal sexual conduct with a minor that triggers the actus reus of the crime." Def.'s Mem. of Points and Auth. at 15.

As stated above, a movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. Apfel, 97 F.3d at 1076. To prevail on an ineffective

---

[4]The Eighth Circuit has explained, "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.' Brown v. Ohio, 432 U.S. 161, 165 (1977) (internal quotation omitted)." United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (parallel citations omitted).

assistance of counsel claim, movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687. "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

While the Court recognizes that a motion alleging a defect in the indictment such as multiplicity must be made before trial, United States v. Hinkeldey, 626 F.3d 1010, 1012 (8th Cir. 2010) (citing Rule 12(b)(3), Fed. R. Crim. P.), movant fails to acknowledge that counsel challenged the convictions and sentence on double jeopardy grounds in his objections to the PSR. See Def.'s Objs. to PSR (Doc. 50), Case No. 4:08-CR-330 CAS. The objections were overruled at sentencing following argument by counsel. See Sent. Tr. at 3-4, Case No. 4:08-CR-330 CAS. Movant's assertion that trial counsel did not assert a multiplicity/double jeopardy challenge is therefore refuted by the record.

In addition, movant cannot show deficient performance or prejudice because a multiplicity challenge to the indictment would have failed. The Supreme Court has held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In this case, the elements for a violation of 18 U.S.C. § 2241(c), as charged in Counts One and Two, are that (1) movant knowingly traveled across a state line; (2) movant intended to engage

in a sexual act with a person under twelve years of age; (3) movant knowingly engaged in a sexual act with S., or attempted to do so; and (4) at the time he did so, S. had not yet reached the age of twelve years.

The elements for a violation of 18 U.S.C. § 2423(a), as charged in Counts Three through Five, are that (1) movant knowingly transported a person across a state line or national border; (2) movant transported the person with the intent such person engage in a sexual activity; (3) based upon the sexual activity that occurred, movant could have been charged with a criminal offense under the law of a state; and (4) movant believed such individual was under the age of eighteen.

Thus, Section 2241(c) requires proof that the child is under twelve and that the defendant traveled across a state line; Section 2423(a) requires that the minor under the age of eighteen be transported across a state line. None of those elements must be proved in the other statute. Under the <u>Blockburger</u> test, the charged conduct results in two offenses.

In addition, convictions for multiple counts of the same statute do not violate the Double Jeopardy Clause provided that the actual acts are different. In <u>United States v. Two Elk</u>, 536 F.3d 890 (8th Cir. 2008), the Eighth Circuit addressed the defendant's argument that the Double Jeopardy Clause was violated when the defendant was charged with two counts in violation of 18 U.S.C. § 2241(c), one for contact between the defendant's penis and the victim's vulva, and the other for contact between the defendant's penis and the victim's anus. The Court concluded that "engaging in multiple sex acts (as listed in § 2246(2)) would amount to multiple violations of § 2241(c) and would leave the perpetrator susceptible to multiple punishments thereunder." <u>Id.</u> at 899.

Here, Count One of the indictment was based on movant's knowing crossing of a state line with the intent to engage in oral sexual intercourse with S., a person who was under twelve years of age. Count Two was based on movant's knowing crossing of a state law with the intent to engage

in vaginal sexual intercourse with S. Under <u>Two Elk</u>, because different sexual acts are charged in each count under § 2241(c), there is no multiplicity or double jeopardy violation.

Count Three of the indictment was based on movant's knowing transportation of a minor, S., in interstate commerce with the intent to engage in Predatory Criminal Sexual Assault of a child in violation of Illinois law, by engaging in oral sex with S. Count Four was based on movant's knowing transportation of a minor, S., in interstate commerce with the intent to engage in Predatory Criminal Sexual Assault of a child in violation of Illinois law, by engaging in sexual intercourse with S. Count Five was based on movant's knowing transportation of a minor, S., in interstate commerce with the intent to engage in Aggravated Criminal Sexual Abuse in violation of Illinois law, by touching the sex organs, anus or breast of S., for the purpose of sexual gratification or arousal of the defendant. Again, under <u>Two Elk</u>, because different sexual acts are charged in each count under § 2423(a), there is no multiplicity or double jeopardy violation.

As a result, any motion to dismiss the indictment on multiplicity/double jeopardy grounds would have been denied. Movant therefore cannot show his counsel's performance was deficient, as counsel will not be found ineffective for failing to file a meritless motion. <u>See</u> <u>Dodge v. Robinson</u>, 625 F.3d 1014, 1019 (8th Cir. 2010) (where double-jeopardy claim was without merit, counsel's failure to raise the claim at trial could not constitute ineffective assistance); <u>Thomas v. United States</u>, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance). Movant also cannot show that he was prejudiced as a result of counsel's failure to file a motion to dismiss the indictment based on multiplicity/double jeopardy grounds. Movant is therefore not entitled to relief on this ground, which should be dismissed.

**Conclusion**

For the foregoing reasons, the Court finds that each of the grounds raised in movant Warren McKinney's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit, and should be dismissed without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant Warren McKinney's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1, 4]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.


_Charles A. Shaw_

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  _20th_  day of June, 2011.